IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENZELL JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 23-00062-JB-N |
| | ) |
| BRANDON BLAZE EVERETTE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court, *sua sponte*, regarding its supplemental jurisdiction over the sole remaining state claim against Defendant Brandon Blaze Everette.  For the reasons set out below, the Court concludes it should decline to exercise supplemental jurisdiction over that claim and the action is due to be remanded to the Circuit Court of Clarke County, Alabama.

**DISCUSSION**

This action arises out of a fight between Plaintiff and Defendant Everette in Jackson, Alabama on or about July 29, 2022.  (Doc. 1).  City of Jackson Police Officer Brown responded and tased Plaintiff at the scene.  (*Id.*).  Plaintiff filed federal claims against the City of Jackson, Alabama and Brown, and a state law claim for assault and battery against Everette.  (*Id.*).

Defendants City of Jackson and Brown removed this action from the Circuit Court of Clarke County, Alabama on February 17, 2023.  (Doc. 1).  The Notice of Removal invoked federal jurisdiction under 28 U.S.C. § 1331 and § 1334 over Plaintiff's claims against the City of Jackson and Brown, and supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claim against Everette.  (*Id.*).

All federal claims have been dismissed.[1] Plaintiff's only remaining claim is his state law claim for assault and battery against Defendant Everette, over which the Court has supplemental jurisdiction. "A court may decline to exercise supplemental jurisdiction once it has dismissed all claims over which it has original jurisdiction. *See* § 1367(c)(3)." *Womack v. Carroll Cty.*, 840 F. App'x 404, 408 (11th Cir. Dec. 15, 2020). In deciding whether to exercise supplemental jurisdiction under these circumstances, the Court takes into account "concerns of comity, judicial economy, convenience, fairness, and the like." *Cook v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005) (quoting *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001)).

Here, none of Plaintiff's federal claims survived summary judgment, and the remaining state law claim against Defendant Everette has no meaningful relationship to the federal claims that have been dismissed. Furthermore, the Court finds comity will be served by avoiding federal resolution of a state law intentional tort claim. Finally, the Court notes Defendant Everette has filed a Motion to Remand which, the Court is informed, Plaintiff does not oppose. Therefore, although the Motion to Remand is untimely,[2] the parties agree that the remaining state law claim is best resolved in the state forum in which it was commenced.

---

[1] The Court granted City of Jackson's Motion to Dismiss by order dated April 10, 2023. (Doc. 10). The Court granted summary judgment in favor of Defendant Brown by order dated June 3, 2024. (Doc. 43).

[2] *See* 28 U.S.C. 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 USCS § 1446(a)].") and *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 – 641 (2009) (court's "decision declining to exercise [supplemental jurisdiction] was not based on a jurisdictional defect but on its discretionary choice not to hear the claims despite its subject-matter jurisdiction over them.").

Having considered all factors relevant to the discretion afforded under § 1367(c)(3), the Court concludes that it should exercise its discretion not to retain supplemental jurisdiction over Plaintiff's state law claim against Defendant Everette.

**CONCLUSION**

Upon due consideration, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. This action is REMANDED to the Circuit Court of Clarke County, Alabama.

**DONE and ORDERED** this 2nd day of July, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE